### NORTH v. NORTH.

(Supreme Court, Special Term, Kings County. May, 1905.)

DIVORCE—JURISDICTION—SUBSTITUTED PROCESS.

> Where a wife abandons her husband, and he then moves to and acquires a domicile in another state, substituted service of summons, in an action for divorce commenced by him in that state, gives the court thereof full jurisdiction, so that its judgment will have extra territorial effect.

Action by Rosa North against Samuel North, her husband, for support. Judgment for defendant.

Joseph Wilkenfield, for plaintiff.
Ira Leo Bamberger, for defendant.

GAYNOR, J. The plaintiff and the defendant being domiciled as husband and wife in the state of New York, the plaintiff voluntarily and without cause separated from the defendant and refused to live with him. Thereafter, viz., in 1898, the defendant gave up his domicile in the state of New York, and went to the state of California for the purpose of actually and in good faith acquiring a permanent domicile there, and he did take up his permanent domicile there actually and in good faith. The plaintiff remained in the state of New York. After being so domiciled in California for three years, the defendant began an action there for a divorce from the plaintiff on the ground of desertion by her. She was served with the summons by publication, and also by the delivery of the same to her personally in the state of New York, all in accordance with the statute of California for such cases. She suffered the action to go by default, and judgment of divorce was obtained against her. After six years of residence in California this defendant returned to this state, and this action was commenced.

The question presented is whether the judgment in California is a bar to the present action. The sole point is whether the substituted service of the summons gave the court extra-territorial jurisdiction in the action.

The rule established by the decisions in this state is that if one spouse abandons the matrimonial domicile in this state, and goes into another state, and becomes domiciled there, and obtains a judgment of divorce there in an action in which the defendant was not served with process in that state, or in which he or she did not appear, such judgment has no extra-territorial effect, and is therefore a nullity in this state. It would serve no purpose to cite a lot of familiar decisions.

But the case at bar is different. The defendant did not abandon the matrimonial domicile in this state. On the contrary, the plaintiff severed and terminated the matrimonial domicile here by abandoning the defendant, and when the defendant left the state they had no matrimonial domicile here. The unity of domicile had been severed and ended by the plaintiff.

The case is therefore not within the said rule of our decisions, which should not be extended, according to the great preponderance of judicial opinion; and I see no reason to hold that this husband could not sue in his new domicile for a divorce, and why the court there did not acquire such jurisdiction as entitles its judgment to full extra-territorial effect under the full faith and credit clause of the Federal constitution. To hold otherwise would be to hold that an abandoned spouse can never get release except by suing in the state in which he or she was abandoned and the

matrimonial domicile severed and terminated by the errant spouse (Atherton Case, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794), or else the state in which the errant spouse may be found; unless personal service on the defendant be obtained in the state in which the action is brought, or the defendant submit to the court's jurisdiction by appearance in the action.

It is true that in the O'Dea Case, 101 N. Y. 23, 4 N. E. 110, although the facts were that the wife had abandoned the husband in this state, where the matrimonial domicile was, and removed to Canada and domiciled there, and the husband afterwards removed to Ohio and domiciled there, it was held that the court of Ohio in which the husband brought an action for a divorce, got no extra-territorial jurisdiction by substituted service, i. e., actual service on the defendant by mail in Canada.

But by the decision in the Atherton Case, if the husband had sued in the state of the last matrimonial domicile, i. e., New York, such substituted service would have given full jurisdiction, extra-territorial as well as territorial. The principle of this decision seems to me to obviously extend to any new domicile an abandoned spouse may afterwards acquire, and therefore to overrule the O'Dea decision. If the abandoned spouse may get full jurisdiction for his case by substituted service in the state of the last matrimonial domicile, why can he not get it in a state he removes to and domiciles in? What difference does it make to the errant spouse whether such jurisdiction be got in one state or another, other than that of her new domicile? I see no answer to the question; and surely our courts will not answer it in the negative through mere obstinacy.

The abandoning spouse cannot get such jurisdiction in the state of his or her new domicile; but the case of the abandoned spouse is altogether different.

Judgment for the defendant.