EMELINE A. RONTEY, Plaintiff, *v.* PIERRE A. RONTEY, Defendant.

(Supreme Court, Westchester Special Term, September, 1917.)

Divorce — action for absolute — domicile — evidence — judgments.

Within two years after his marriage to plaintiff in this state, defendant without justification left her and their child and went to another state where in less than two years he obtained a decree of divorce on the ground of her cruelty. Though she was served with process in this state she never entered an appearance in the action and at no time lived in the state where the decree was granted. *Held,* that she was entitled to a decree of absolute divorce on the ground of defendant's misconduct with one whom, after the divorce granted to him, he married in another state, a further marriage ceremony between them being celebrated in this state a few days later.

ACTION for absolute divorce.

Clarence A. Weill, for plaintiff.

Strang & Taylor, for defendant.

YOUNG, J.  Plaintiff and defendant married in New York September 18, 1913.  They had one child born July 9, 1914.  Defendant left plaintiff December 17, 1914, and went to Maine.  He there obtained a decree of divorce from her on May 29, 1916, on the ground of her cruelty.  She was served with process in New York, and never appeared in the suit in Maine.  At no time has she ever lived in Maine.  Defendant returned to New York June 2, 1916; became engaged to marry one Harriet A. Deniton, June 8, 1916; married her in Connecticut, June 21, 1916, and a further marriage ceremony between them was performed in New York a few days later.

These facts are undisputed.  In this action plaintiff seeks a divorce on the ground of defendant's misconduct with Harriet A. Deniton.  Defendant claims, and plaintiff denies, that their separation in December, 1914, was due to her cruelty which justified him in leaving her.

*North* v. *North,* 47 Misc. Rep. 180, is relied upon by defendant to support his defense that the Maine decree is a bar to this action.  In that case plaintiff abandoned defendant and refused to live with him.  He thereafter removed to California and obtained a divorce on the ground of her desertion.  She was not personally served in California.  It was held that by her abandonment the matrimonial domicile was broken, and that defendant had acquired a new domicile in California, and that the decree there was a bar to her action for support.

Defendant here urges that if plaintiff's conduct justified him in leaving her, the legal effect of her cruelty was equivalent to desertion or abandonment

on her part, and therefore brought this case within the doctrine laid down in *North* v. *North, supra.*

I cannot find that that doctrine has ever been passed upon by our court of last resort or by the United State Supreme Court. The decision of the Special Term in *North* v. *North* was affirmed by the Appellate Division of this department (111 App. Div. 921), but the appeal to the Court of Appeals was dismissed for failure to file the requisite undertaking. 192 N. Y. 563.

In *Atherton* v. *Atherton,* 181 U. S. 155, which is cited in *North* v. *North,* plaintiff and defendant married in New York, but removed to and lived for some time in Kentucky. Plaintiff then left her husband, claiming to be justified in so doing, and returned to New York. Defendant thereafter, without personal service of process in Kentucky, obtained a decree of divorce against her there on the ground of abandonment. Our Court of Appeals held in an action brought by her for a separation on the ground of cruelty, that she had acquired a new domicile in New York, and that the Kentucky decree was made without jurisdiction of her person, and did not bar her action (155 N. Y. 129). But the United States Supreme Court reversed this judgment, and held that she was bound by the Kentucky decree; that Kentucky was the undoubted domicile of the husband, and the only matrimonial domicile of the husband and wife, and that she was therefore precluded from justifying her abandonment by alleging his cruel treatment.

In *Haddock* v. *Haddock,* 201 U. S. 562, the parties married in New York, and immediately separated. The husband went to Connecticut and obtained a divorce upon constructive service only. The wife continued to reside in New York, and subsequently brought an action for a separation. It was held that Connecticut was never the actual or constructive

matrimonial domicile, since the husband had deserted the wife in New York, and that the Connecticut decree did not bar her action.

It is established by all these cases that constructive service of process is effective to support a decree only where the defendant is actually or constructively domiciled within the territorial jurisdiction of the court pronouncing such decree. Domicile of the husband alone is insufficient to confer such jurisdiction unless such domicile constructively includes that of the wife as well. *North* v. *North, supra,* can only be reconciled with the decisions of the United States Supreme Court by bringing it within this principle. Applying it to the facts of that case, we have the case of a husband free at all times to seek and acquire such domicile as he deemed convenient and proper. Any new domicile thus acquired became at once the wife's domicile, actual, if she follow and live with him, constructive, if she refuse. Although she had abandoned him, she was at all times at liberty to return to him at any domicile he might have chosen. The new domicile of the husband in California therefore became the domicile of the wife. She was therefore a citizen of California, and as such subject to the provisions of its statutes for substituted service and bound by the decree. This seems to me to be as far as our courts have gone.

But this furnishes no support for defendant's contention in the case at bar. There is no pretense here that when he left plaintiff he intended, or was even willing, that she should follow him to a new matrimonial domicile in Maine. Indeed, his purpose was quite the contrary. How, then, can he successfully maintain that a new matrimonial domicile was acquired, and at the same time refuse to allow her to live there?

Supreme Court, September, 1917.        [Vol. 101.

The decisions of the United States Supreme Court establish the principle that a decree rendered by a court of the matrimonial domicile upon constructive service is binding on the defendant therein, but that a decree rendered upon like service by a court of the husband's domicile, acquired after deserting his wife, is without jurisdiction. It does not follow, conversely, that if a husband be justified in separating from his wife he may leave her and acquire a new domicile which will become the constructive domicile of the wife as well, or a new matrimonial domicile. On the contrary, I am of opinion that a matrimonial domicile is the place where the parties live together as husband and wife, either actually or constructively. Such matrimonial domicile continues until a new one is acquired. It cannot be acquired, even constructively, by a separation by one party from the other with the clear and avowed intention to sever matrimonial relations, even though justified.

Under this construction of the decisions of our highest tribunal, it clearly follows that the Maine decree is invalid, and does not bar this action.

Furthermore, I am convinced from the evidence that defendant was not justified in leaving plaintiff, and that his attempt to acquire a new domicile was not made in good faith, but, on the contrary, for the sole purpose of procuring the decree of divorce which he did, and which he could not obtain in this state.

The plaintiff is therefore entitled to a decree of divorce in accordance with this opinion.

Judgment for plaintiff.