Erma G. Rocco, Plaintiff, *v.* Sebastian B. Rocco, Defendant.

Supreme Court, Steuben County, April 20, 1928.

Husband and wife — annulment of marriage — allegation that defendant had another wife living — Pennsylvania divorce granted to defendant upon constructive service without wife appearing is valid — Pennsylvania decree was valid in California where first wife resided at time decree was granted — Pennsylvania decree must be given effect in this State — complaint dismissed.

In this action to annul plaintiff's marriage with defendant on the ground that at the time he entered into it defendant had another wife living, it appears that in August, 1920, defendant was married to his first wife, whom he divorced in Pennsylvania in April, 1923, where he had gone with the intention of making his home and becoming a resident and citizen.   At the time he commenced his

divorce proceedings he had been domiciled in Pennsylvania for more than one year.

Since the evidence was that the defendant's first wife abandoned him, without cause, and, therefore, could not acquire a domicile apart from him, the divorce granted in Pennsylvania, the State of his domicile, upon constructive service without her appearance, is valid. Moreover, at the time the decree was granted defendant's first wife was living in California with the intention of not returning to New York, and since decrees of divorce granted in other States upon constructive service are valid in California, the Pennsylvania decree was valid.

Therefore, the divorce granted defendant in Pennsylvania is valid and, since it must be given effect in this State, plaintiff's complaint charging that the defendant had a wife living when he married her must be dismissed.

ACTION for annulment of marriage.

*Sebring & King,* for the plaintiff.

*Cheney & Costello,* for the defendant.

CUNNINGHAM, J. The parties hereto were married at Corning, N. Y., on the 7th day of June, 1923. There is one child, the issue of the marriage, now about two years old. The parties lived together until March 13, 1926. The plaintiff seeks to annul the marriage upon the ground that at the time it was entered into the defendant had another wife living.

It appears that the defendant, on August 31, 1920, was married to Harriet L. McCoon, who is still living. The defendant obtained a divorce from his first wife, Harriet McCoon Rocco, in Pennsylvania on April 20, 1923. The validity of that divorce is in question in this case.

The defendant lived with his mother in Corning until April or May, 1921, when he went to Charleroi, Penn., his boyhood home. He went there to work and while there he lived with his brother. His purpose in going to Charleroi was to work in a factory, where his brother had procured employment for him. He returned to Corning at Thanksgiving time in 1921, and remained there until February 7, 1922, when he returned to Charleroi where he stayed until July 7, 1922. While there he worked in the factory three months, worked on his brother's farm four months and worked two months for another farmer. Leaving his trunks and personal effects at his brother's home he went to Cleveland and worked on a lake steamer for about one month, he then went to Dakota in an effort to find his wife, he stayed there about one week and thereupon returned to Charleroi and from there came back to Corning. On his visit home at Thanksgiving time in 1921, he met the plaintiff and they talked over the question of marriage. The plaintiff agreed to marry him when he procured a divorce. Previous to this time he had not consulted a lawyer or taken any steps towards obtaining a divorce in Pennsylvania. The libel in

the Pennsylvania action was filed on May 29, 1922. The defendant stayed in Corning from the fall of 1922 until April, 1923, when he returned to Charleroi and he remained there until the decree was granted.

The plaintiff was informed as to the proceedings in the Pennsylvania divorce case and married the defendant with full knowledge thereof.

The first wife accepted the divorce decree as binding upon her and has since remarried. The legality of that marriage will be determined by the decision in this case.

The defendant went to Pennsylvania with the intention of remaining there and of not returning to Corning. He intended to make his home in that State, to attain a domicile and become a resident and citizen thereof. The domicile thus secured continued until a new one was obtained. " In order to acquire a new domicile there must be a union of residence and intention." (*Matter of Newcomb*, 192 N. Y. 238, 250.)

The defendant did not wish to change his domicile while the divorce action was pending. He still had his residence at his brother's home and it was his intention to continue it there. It is, therefore, found that at the time the divorce proceeding was instituted in Pennsylvania, the defendant was domiciled in that State and had been so domiciled for more than one year, and that at the time publication was had of the process and at the time the decree of divorce was granted in Pennsylvania, the defendant was domiciled in that State.

It appears from the evidence in this case that the defendant's first wife, now Harriet McCoon Combs, abandoned him without cause and refused to live with him. Therefore, she could not acquire a domicile apart from her husband and his domicile was hers. A divorce granted in the State of his domicile upon constructive service, without her appearance, is valid. (*North* v. *North*, 47 Misc. 180; 111 App. Div. 921; 192 N. Y. 563; *Dean* v. *Dean*, 241 id. 240, 244.)

As a matter of fact, Harriet McCoon Rocco (now Combs) was not living in the State of New York in August, 1922, when publication was had of the process issued by the Pennsylvania courts, but at that time she was living in South Dakota where she had gone with the intention of not returning to New York State to live. At the time the Pennsylvania decree was granted she was living in the State of California, with the intention of making her permanent residence there and with the intention of not returning to New York State. If she were domiciled in California at the time the Pennsylvania decree was granted, the validity

thereof would depend upon whether or not it was recognized by the State of California. (*Ball* v. *Cross*, 231 N. Y. 329.)

Decrees of divorce granted in other States upon constructive service are held to be valid by the courts of California. (*Matter of James*, 99 Cal. 374.)

Especially is this so when the defendant in such divorce case has remarried and thus acknowledged the legality of the judgment. (*Bruguiere* v. *Bruguiere*, 172 Cal. 199.)

It follows, therefore, that the divorce obtained by the defendant in Pennsylvania is valid and will be given effect in this State.

The complaint is dismissed, without costs.