Jacob Panken, J.
Proceedings in the Family Division of the Domestic Relations Court of the City of New York are commenced by the filing of a petition alleging such facts as are required to confer jurisdiction upon the court and pray for such relief as in the premises is permissible. The respondent is not required to interpose a written answer. The practice is that he is not even required to deny or affirm the allegations set forth in the petition. Persons required to appear in this court in answer to its process neither demur nor plead in any other form. Petitioner in a hearing in this court is required to prove by a fair preponderance of the evidence the facts alleged in the petition and necessary to empower this court to make an order in accord with the prayer in the petition and as justice requires. The respondent may, by evidence, disprove the allegations in the petition and dispute the evidence to establish such allegations by proof submitted on his or her behalf. No formal pleading by the respondent as has already been said is required. That is and has been the practice in this court.
Practices in courts develop in response to need. Most of the litigants who appear in the Domestic Relations Court of the City of New York appear in person without the aid and benefit of advice of trained counsel. In most instances they are people of limited means and, in some cases, of limited knowledge.
The purposes for which the court was established were to aid in the adjustment and composing of differences and where-ever and whenever possible in the rehabilitation and reconstitution of family life and the home both for parents and children.
*4 The respondent herein has not interposed a formal answer. He has appeared herein with counsel. For the purposes of the trial and the determination after the trial, the court deems the respondent to have pleaded, denying the validity of the marriage between himself and the petitioner and which the petitioner was required to establish; and that respondent affirmatively pleaded that the ceremonial marriage which admittedly had taken place between the parties herein was without force and effect; that it was void in law since the petitioner as contended for by the respondent was at the time of said ceremonial marriage the wife of another; that she had no capacity to enter into a valid marriage with the respondent. The respondent further pleads that the decree of divorce issued out of the courts of the State of Illinois allegedly dissolving the marriage between the petitioner and her second spouse (Cerino) was ineffectual, asserting that the courts of the State of Illinois never having acquired jurisdiction of the person of the petitioner herein or her allegedly divorced spouse, the petitioner not having been a resident of the State of Illinois for a period long enough to confer jurisdiction on its courts.
The testimony discloses the following state of facts:
The petitioner had been married to one, Nathan Gash, on or about the 23d of April, 1919, in the City of New York. That marriage allegedly was dissolved by a decree issued out of the Circuit Court of Cook County in the State of Illinois in February of 1924. The decree recites that the petitioner herein and the complainant before the Illinois court ‘‘ has been an actual resident of Cook County and has been a resident of the State of Illinois for over one whole year next before the filing of the Bill of Complaint ”.
Subsequent to the entry of the decree above referred to, the petitioner married one, Peter Cerino. That marriage was performed in Kings County in the State of New York on or about the 12th of August, 1924, some few months after the Circuit Court of Cook County in the State of Illinois had granted the decree dissolving the marriage to Nathan Gash.
At the January Term in 1936 of the Superior Court of Cook County, a petition was presented for the dissolution of the marriage between the petitioner herein and Peter Serino, the second name being spelled with an “ 8” instead of a “ C Thereafter, a decree dissolving the marriage between the petitioner herein and her second husband, Peter Cerino, on the 12th of August 1924, was entered.
Subsequent thereto, in November of 1936, the respondent herein took the allegedly divorced wife of Peter Cerino and *5 Nathan Gash to wife by a ceremonial marriage, the petitioner having subscribed herself on the application for a license to marry in the City of New York as Ella Marmor.
These facts are not disputed by the respondent and are admitted by the petitioner. Exhibits were admitted in evidence in substantiation of these facts.
The question presented for determination is: Had the petitioner capacity to enter upon a valid marriage between herself and the respondent herein, was she at the time of the ceremonial marriage that had taken place divorced from Nathan Gash and Peter Cerino ? Is this court empowered to inquire into the validity of a divorce decree issued out in a court of foreign jurisdiction? Is the Domestic Relations Court of the City of New York vested with power to make an order requiring a spouse to provide for his wife in face of an invalid marriage because of an invalid divorce decree having been entered in a foreign jurisdiction?
To determine the last two questions the court must inquire into the validity of the decrees issuing out of courts in the State of Illinois and admitted in evidence.
This court has no power to annul a marriage. It has no power to declare a marriage void. But incident to the powers conferred upon it to make orders for provision of a dependent spouse, the court is charged with the duty and the necessity of inquiring into the question as to whether or not the petitioner has established the existence of a marital relationship valid in law.
This court has no power to enter an order requiring any person to make provision for another unless there is a legal liability to so do. To enable this court to make an order for the support of a wife, the court must find as a matter of fact and law that a marital relationship exists between the parties. Subdivision 1 of section 92 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482, as amd. by L. 1936, ch. 346, § 6) reads: “ To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties ”.
A ceremonial marriage raises a presumption of validity. A ceremonial marriage gives sanctity to the relationship established. The sanctity with which a marital relationship is surrounded would of necessity compel a presumption of validity. It is fair to assume that most people, nearly all people, respect the law and enter upon contracts only as the law permits and in *6 accordance with its requirements. When a woman enters upon so sacred a relationship, as the marital one should be, it is presumed that she had a right to so do; and that holds good insofar as the man is concerned.
The presumption in favor of the validity of a marriage may, however, be overcome by proof which would leave no question that the person alleging the validity of the marriage had no capacity to enter upon such a relationship.
The burden of proof is always upon the moving party. The petitioner is required in law to establish her allegations by a fair preponderance of the evidence. The testimony showing that there had been a ceremonial marriage is a compliance with the requirements. The respondent having attacked the validity of the marriage, the burden of proof to establish that fact is upon him. He must establish by a fair preponderance of the evidence that the petitioner had no capacity to enter upon a valid marriage with him. That established, the petitioner is required to go forward with her proof.
The rule with regard to the burden of proof upon a party applicable in civil suits is applicable in this court. (Matter of Kane v. Necci, 269 N. Y. 13.)
The evidence submitted shows that the petitioner resided in the City of New York during the period of one year immediately before the decree was granted her in the Superior Court of Cook County in the State of Illinois.
The court cannot take judicial notice of the laws of foreign jurisdictions. These must be proved.
During the course of the hearing before me, the parties stipulated that under the law of the State of Illinois, to confer jurisdiction upon the courts of that State, the petitioner was required to have established residence in that State for a specific period of time.
The petition in this case alleges “ that an action for separation was instituted in the Supreme Court, Kings County, by petitioner on May 13, 1941; that the said matter is pending and that the petitioner is liable to become a public charge.”
The basis, therefore, upon which this petition is presented to the court is that unless the respondent is required to contribute to the support of his wife, she will be a charge upon the public; that the public will be required to contribute to her support instead of the one chargeable under the law and in equity.
The situation is anomalous but it is not new. Often parties repair to the Supreme Court and then turn to the Domestic Relations Court of the City of New York, in some instances asking the same character of relief' — provision for maintenance *7 and support. And often parties initiate proceedings in the Domestic Relations Court of the City of New York and then repair to the Supreme Court of the State of New York asking relief not different from the relief sought and sometimes already granted in the Domestic Relations Court of the City of New York.
Wives or husbands, as the case may be, are not satisfied with engaging in battle in one arena. They make use of two forums. It appears to me that the orderly administration of justice should confine to one court of original jurisdiction, the power to deal with a situation which had brought the parties thereto. In any event, a person having instituted a proceeding in one of our courts should not under the law be permitted to invoke the jurisdiction of another court. Certainly dissatisfaction with a determination in one court does not justify presenting the same grievance in another court, both courts being courts of original jurisdiction.
Section 137 of the Domestic Relations Court Act, as amended by the Laws of 1936 (ch. 346, § 10) seemingly was designed to prevent an order in this court to be in excess of an order made in the Supreme Court except if a change of circumstance is shown or a party may become or is likely to become a public charge. If a change of circumstance can be shown in the Domestic Relations Court of the City of New York, the same change in circumstance might be shown in the Supreme Court and that court has the power to modify its orders as has this court. And if a spouse is entitled to support from her husband to relieve the community of the obligation to provide for her, that also should be determined in the proceeding pending rather than a new proceeding instituted in a different court.
Under subdivision 16 of section 92, this court has the power to modify, change or vacate any order that it makes as justice may require and as the premises warrant. If changed conditions require a change in the order made by this court, that order will be changed to meet the new conditions and it would seem that there is no reason for an application to another court to effect that which can be effected in this court. Certainly the petitioner herein might make an application in the Supreme Court of the State of New York for a modification of the order already made on the ground that she is likely to become a public charge. In that court, she is in the equity division and equity is to do what should be done. If in equity it would not be fair for the respondent to be burdened with the support of a person who is not likely to prevail finally, it would seem that this court should not be required to do that which in equity another court *8 cannot do. Because of the possibility of applying to two forums something might be done in one which the other would not do. Something might be done which is not proper or just in one forum when another forum had already determined that it is improper or unjust.
I am bound by the Domestic Relations Court Act. Under that act, I have not the power to annul the marriage or invalidate it. This court only has the power to inquire into the validity of a marriage or divorce decree whether in this State or elsewhere only incident to the other powers conferred and to carry same out.
The respondent is not precluded from asserting and proving the incapacity of petitioner to have become his lawful wife. To hold otherwise it would be necessary to validate a marriage which is void ab initio.
Under the Constitution of the United States (art. IV, § 1) orders and decrees of courts of sister States must be given full faith and credit. It has been held repeatedly that a decree void in fact and in law is not such an order or decree. The Constitution contemplated that valid orders and decrees issued by courts which have acquired jurisdiction of the parties and the res are to be given full faith and credit. Where a decree had been obtained by fraud or without the court having obtained jurisdiction, it is outside of the provisions of the full faith and credit clause of the Constitution. (Atherton v. Atherton, 181 U. S. 155; Haddock v. Haddock, 201 U. S. 562.) In the case of Morris v. Morris (160 Misc. 59, 61), I said: “ The courts of our State have uniformly refused to recognize decrees of divorce obtained in other jurisdictions when the court of such foreign jurisdiction did not obtain jurisdiction of the person either by appearance or by service of the process within the confines of that jurisdiction, excepting in some cases where the decrees were obtained because of the adultery of the offending spouse.” [Beeck v. Beeck, 211 App. Div. 720, 725.)
Neither statute nor decision by a higher court requires me to change my opinion.
I am not passing upon whether or not the petitioner was abandoned by her two spouses or whether she abandoned them. If one or the other or both abandoned her, she had a right to settle in any State of the Union or wherever she deemed it wise. The res would not continue under such circumstances within the jurisdiction of the State of New York. North v. North (47 Misc 180, 181, affd. 111 App. Div. 921) does not apply in this case. In that case, the court held that where a person is abandoned, that person may establish domicle elsewhere in another State, *9 and said: “ On the contrary, the plaintiff severed and terminated the matrimonial domicile here by abandoning the defendant, and when the defendant left the state they had no matrimonial domicile here. The unity of domicile had been severed and ended by plaintiff ’ \
The question before me is whether or not the State of Illinois had acquired jurisdiction, and that is whether the petitioner had established a bona fide domicile in that State and resided therein for the requisite period of time.
The testimony of the petitioner must be given such weight as it deserves.
It is significant that petitioner had gone to Illinois and obtained a decree of divorce from her first husband, Gash, and then when she wanted a decree of divorce from Cerino she again went to Illinois. It is remarkable that a person who lived in the State of Illinois for a period of two years did not know the address at which she had established her domicile.
The courts are charged with the duty to believe witnesses who have testified under oath, but courts are not required to believe everything that is said under oath. The unbelievable cannot be given credence.
The respondent has established by a fair preponderance of the evidence his affirmative plea that the petitioner had no capacity to enter upon a valid marriage.
I cannot grant an order in a case where the evidence shows that the ceremonial marriage, while it raises a presumption of validity, has been entered into by a person who had no capacity to so do. My determination, of course, has no binding effect upon the Supreme Court. The clerk of the court is directed to place the case on the Reserved General Calendar. A dismissal is not ordered herein until a determination is had by the parties in the action now pending in the Supreme Court of the State of New York.