Harold L. Wood, J.
During the course of the above-entitled proceedings, the parents of the children involved, by petitions, each dated and verified September 12, 1969, sought to terminate the temporary remand of the children by the court to the care and custody of the Department of Social Services of Westchester County and their return to their parents. These applications were denied by decision of the Hon. Anthony J. Cbbbato, then a Judge of this court, and temporary custody continued with the Department of Social Services.
Thereafter, by orders to show cause, each dated February 3, 1970 and returnable on February 10, 1970, the parents again moved for the vacation of the temporary remands and return of the children to them.
An extensive hearing was held before this court on the orders to show cause, starting on February 19, 1970 and concluding on July 8,1970, on which date the court reserved decision thereon.
It was then stipulated by all counsel involved that, inasmuch *776 as the evidence adduced on the applications to vacate the temporary remand would be such as would properly be brought out in the basic neglect petitions, all evidence would be deemed admissible in the eventual neglect hearings, with each attorney being afforded the right to call other and additional witnesses.
By decision of this court, dated August 6, 1970, the applications for termination of the temporary remands were denied as to each child. In the decision, this court set forth, in some detail, the evidence adduced up to that time upon which the decision was based and, in view of the stipulation hereinabove mentioned, the contents of said decision are herein incorporated, by reference, as if set forth fully herein.
On May 25, 1971, the plenary hearings were continued and concluded and decision reserved on the basic neglect petitions as well as on a motion, then made, by the attorney for the parents, that the proof necessary in actions of this nature be proof of neglect beyond a reasonable doubt rather than the statutorily mandated proof “by a fair preponderance of the evidence ’’ (Family Ct. Act, § 344), claiming the latter standard to be unconstitutional in neglect proceedings.
The Attorney-General of the State of New York, having been duly notified (Executive Law, § 71; CPLR. 1012 (subd. [b]), has submitted a brief in support of the constitutionality of the “ preponderance rule.” Counsel for the parents have also submitted a well-reasoned, logical and thought-provoking brief on the constitutional question. While the latter brief and, in fact, the motion itself, are addressed to the unconstitutionality of subdivision (b) of section 1046 of the Family Court Act, effective May 1, 1970, the neglect petitions herein were each sworn to on March 20, 1969, when the corresponding section in effect then was section 344. The court, in the exercise of its discretion, will therefore consider the motion addressed to the unconstitutionality of section 344 of the Family Court Act.
The Family Court Act, up to very recently, had, by its very terms and by decisional law, adopted 1 ‘ the preponderance of evidence ” rule in all the proceedings falling within its defined jurisdiction. (Family Ct. Act, § 344, supplanted by § 1046; Matter of Vendetti v. Vendetti, 16 Misc 2d 2; Matter of Fitzsimmons v. De Cicco, 44 Misc 2d 307; Matter of Martin v. Lane, 57 Misc 2d 4; Matter of Hawthorne v. Edward S., 31 A D 2d 426; Family Ct. Act, § 832.)
It is only within the past few years that the “ preponderance of evidence ” rule has been held unconstitutional in juvenile delinquency proceedings and in proceedings to declare a per *777 son in need of supervision. (See Matter of Winship, 397 U. S. 358; Matter of Richard S, 27 N Y 2d 802.)
It cannot seriously be doubted that the changes made in those proceedings were due, principally, to the possibility of actual incarceration of the child involved, in a structured environment— a disposition not permissible under the law in neglect proceedings (Family Ct. Act, § 352, supplanted by Family Ct. Act, § 1052). The consequences flowing from any disposition by the Family Court in any type of proceeding can be far reaching and of great impact; that this, ipso facto, can form the basis of a charge of unconstitutionality, must rest with either the Legislature or superior courts.
Turning now to the additional evidence adduced at the hearing on May 23, 1971, this court is unable to find anything which in any way ameliorates the findings in the prior decision of August 6, 1970. If anything, the evidence of neglect is further buttressed by the testimony of Dr. William Farrell regarding the bruises on Marie’s body, some of which, he stated, could have been caused by being struck by another child but not all 26 bruises and, specifically, not those between the fourth and tenth rib area — under the arms — which he stated to be an area where a child is not ‘ ‘ usually ’ ’ hit by another child. He stated, further, that in his professional.opinion, Marie’s sparsity of hair was an indication of malnutrition and the condition of her body as far as diaper rash was concerned indicated to him, again professionally, that this rash was induced as a result of prolonged, uncommon and uncared for inattention to diaper changing; that the ‘ ‘ yeast ’ ’ formation in the diaper rash area would not occur if the child were given minimal attention by way of diaper changes.
While the evidence proving neglect as far as Bose was concerned was not as striking as that regarding Marie, it is, in the opinion of this court, sufficient, by a preponderance thereof, to justify a finding of neglect as to her too.
In view thereof, it is the decision of the court, that the petitions herein are each sustained, and that the children are each placed with the Commissioner of Social Services of Westchester County, as authorized under section 355 of the Family Court Act. [See, also, 67 Misc 2d 498.]